# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00037-CV

---

**Luther W. Cobb, Sr., Appellant**

**v.**

**Joseph Campbell, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 310,732-D, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Luther W. Cobb, Sr., acting pro se, filed a notice of appeal in December 2019, from the trial court's denial of his motion for appointment of an attorney ad litem. The clerk's record contains the trial court's order denying Cobb's motion to appoint attorney ad litem, but that order is not subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (listing interlocutory orders that may be appealed).

On February 4, 2020, the Clerk of this Court advised Cobb that it appears that this Court lacks jurisdiction over this matter because this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order which has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *McKinnon v. Wallin*, No. 03-18-00612-CV, 2019 Tex. App. LEXIS 552, at *4 (Tex. App.—

Austin Jan. 30, 2019, no pet.) (mem. op.) (dismissing appeal because appellant failed to identify final judgment or appealable order that would support court's jurisdiction). The Clerk requested that Cobb file a response by February 14, 2020, explaining how this Court may exercise jurisdiction over this appeal and advised him that the failure to do so would result in the dismissal of this appeal. *See* Tex. R. App. P. 42.3(a).

In response, Cobb filed a letter with this Court on February 12, 2020, in which he states that his notice of appeal is premature and references an "Objection and Motion for Rehearing: Continuance." He also filed a motion to stay the trial court proceedings. In this motion, Cobb seems to be arguing that the final decree of divorce between Cobb and his ex-wife in trial court cause number 261,263-D was void because "someone lined through 266,263-D and wrote 261,263-D." The underlying case in this appeal, however, concerns Joseph Campbell's petition for termination and adoption of stepchild that was filed in July 2019 in trial court cause number 310-732-D.[1]

Cobb has failed to identify a final judgment or appealable order in the underlying case that supports this Court's jurisdiction. Because Cobb has not explained how this Court may exercise jurisdiction over this appeal, we dismiss this appeal for want of jurisdiction and deny his motion to stay the trial court proceeding.[2]

---

[1] The child's mother, who was Cobb's ex-wife, initially also was a petitioner, but she is deceased. According to the petition, Campbell is the child's stepfather and was married to Cobb's ex-wife.

[2] On this same date, this Court has dismissed Cobb's related appeals in this Court's cause numbers 03-20-00034-CV, 03-20-00035-CV, and 03-20-00036-CV.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   February 20, 2020